IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

CIVIL ACTION NO.:_____

JULIE HUNTER, an individual; and TALON HUNTER, a minor, BY AND THROUGH HIS GUARDIAN AND NEXT FRIEND, JULIE HUNTER,

Plaintiff,

v.

GLAXOSMITHKLINE, PLC, a British public limited company; and GLAXOSMITHKLINE, LLC, an American limited liability company,

Defendants.

## COMPLAINT

## JURISDICTION AND VENUE

1.  Plaintiff Talon Hunter is a minor, an eight (8) year old child who is a resident of Chilton County, Alabama.

2.  Plaintiff Julie Hunter is a resident of Chilton County, Alabama and over nineteen (19) years of age. Plaintiff Julie Hunter is the mother and next friend of Talon Hunter. Plaintiff Talon Hunter therefore brings this suit by and through his guardian and next friend, Julie Hunter, pursuant to Rule 17(c) of the Federal Rules of Civil Procedure. *See* FED. R. CIV. P. 17(c).

3.  Defendant GlaxoSmithKline, PLC, is a British "public limited company," with its principal place of business located at 980 Great West Road,

Brentford, Middlesex, TW8 9GS, United Kingdom.  Upon information and belief, Plaintiffs aver that Defendant GlaxoSmithKline, PLC, manufactured and delivered Zofran, the drug that is the subject of this lawsuit, into the stream of commerce with the expectation that it would be purchased by consumers in Alabama. Defendant GlaxoSmithKline, PLC, therefore established minimum contacts with the State of Alabama such that it should reasonably anticipate being haled into Court in this State.

4. Defendant GlaxoSmithKline, LLC, is an American limited liability company, registered to do business in Alabama, with its principal place of business located at 200 North 16th Street, Philadelphia, Pennsylvania 19102, and its Alabama registered office street address located at 150 South Perry Street, Montgomery, Alabama 36104.  Upon information and belief, Plaintiffs aver that Defendant GlaxoSmithKline, LLC, manufactured and delivered Zofran, the drug that is the subject of this lawsuit, into the stream of commerce with the expectation that it would be purchased by consumers in Alabama.  Defendant GlaxoSmithKline, LLC, therefore established minimum contacts with the State of Alabama such that it should reasonably anticipate being haled into Court in this State.

5. This Court has subject-matter jurisdiction over this action pursuant to 28 U.S.C. § 1332 since there is complete diversity between Plaintiff and Defendants and the matter in controversy exceeds $75,000.00.

## FACTS COMMON TO ALL COUNTS

6. On or about January 2006, Julie Hunter began taking the drug Zofran for nausea, during her pregnancy, per her doctor's orders.

7. On August 12, 2006, Plaintiff Julie Hunter gave birth to a boy, her son, Plaintiff Talon Hunter.

8. Shortly after his birth, Plaintiff Talon Hunter's doctors discovered that Plaintiff Talon Hunter had a high, narrow pallet and extra digits.

9. Only weeks after his birth, Plaintiff Talon Hunter's doctors diagnosed him with a distended kidney and a ureteral disorder.

10. Approximately nine months after his birth, Plaintiff Talon Hunter suffered his first seizure. He was subsequently diagnosed with a seizure disorder.

11. Plaintiff Talon Hunter is a special needs child. He is nonverbal. His reactions are very delayed. He has been nonverbal and exhibited delayed reactions since birth.

12. Eventually, Plaintiff Talon Hunter was diagnosed with a chromosomal defect. Specifically, Plaintiff Talon Hunter suffers from a duplication of the long arm of his 13th chromosome, which was found to be the cause of his myriad health

issues. Both of Plaintiff Talon Hunter's parents have been tested by a geneticist; neither Plaintiff Talon Hunter's mother, Julie Hunter, nor his father exhibit any chromosomal issues that could have been congenitally passed to Plaintiff Talon Hunter.

13. Since being diagnosed with a chromosomal defect, Plaintiff Talon Hunter has additionally been diagnosed with glaucoma.

14. Plaintiff Talon Hunter's myriad health issues, described in Paragraphs 8-13 above, persist to this day. Plaintiff Talon Hunter is currently eight (8) years old. His health issues are expected to last throughout the duration of his life.

## COUNT I
## ALABAMA EXTENDED MANUFACTURER'S LIABILITY DOCTRINE

15. Plaintiff adopts and incorporates Paragraphs 1-14 as if set out in their entirety in this Count.

16. On or about January 2006 and for some time prior thereto, Defendants GlaxoSmithKline, PLC and GlaxoSmithKline, LLC were engaged in the business of designing, manufacturing, selling and/or distributing the drug Zofran, throughout the United States, including the State of Alabama, for use by consumers. During said period of time and for valuable consideration, Defendants GlaxoSmithKline, PLC and GlaxoSmithKline, LLC designed, manufactured, sold and/or distributed the drug Zofran which caused Plaintiff Talon Hunter to be severely injured.

4

17. At the time the drug Zofran, which was in substantially the same condition as when manufactured, sold and/or distributed, was being used in a manner that was foreseeable. The drug Zofran was not reasonably safe when being used in a foreseeable manner, but to the contrary, was defective and unreasonably dangerous when being so used. Defendants GlaxoSmithKline, PLC and GlaxoSmithKline, LLC knew or in the exercise of reasonable care should have known that the drug Zofran was unreasonably dangerous when being so used in a foreseeable manner.

18. The defective and unreasonably dangerous condition of the drug Zofran was the proximate cause of the injuries to Plaintiff Talon Hunter.

19. The aforesaid wrongful conduct of Defendants GlaxoSmithKline, PLC and GlaxoSmithKline, LLC combined and concurred and as a proximate consequence thereof, Plaintiff, Talon Hunter, was caused to be injured and damaged as follows:

   a. He was caused to have a high narrow pallet since birth;
   b. He was caused to have extra digits on his hands;
   c. He was caused to suffer from a seizure disorder;
   d. He was caused to have a distended kidney since birth;
   e. He was caused to have a chromosomal defect involving a duplication of the long arm of his 13th chromosome;
   f. He was caused to be a special needs child since birth, one who will forever be nonverbal and whose reactions will forever be severely delayed;
   g. He was caused to suffer from glaucoma;

    h.    He was caused to suffer great physical pain and mental anguish and will be caused in the future to suffer great physical pain and mental anguish;

    i.    He was caused to lose enjoyment of life; and

    j.    He was caused to incur medical expenses for the care and treatment of his injuries and will be caused to incur medical expenses for treatment of his injuries in the future.

**WHEREFORE**, Plaintiffs demand judgment against Defendants GlaxoSmithKline, PLC and GlaxoSmithKline, LLC in an amount of compensatory and punitive damages to be determined by a jury in excess of the jurisdictional minimum of this Court, together with interest from the date of injury, and the costs of this proceeding.

## COUNT II
## NEGLIGENT FAILURE TO WARN

20.    Plaintiffs adopt and incorporate Paragraphs 1-19 as if set out in their entirety in this Count.

21.    Defendants GlaxoSmithKline, PLC and GlaxoSmithKline, LLC negligently failed to warn Plaintiff, Julie Hunter, of the side effects of the drug Zofran, which is designed, manufactured and/or distributed by said Defendants.

22.    The aforesaid wrongful conduct of Defendants GlaxoSmithKline, PLC and GlaxoSmithKline, LLC combined and concurred, and as a proximate consequence thereof, Plaintiff, Talon Hunter, was caused to be injured and damaged as follows:

    a.    He was caused to have a high narrow pallet since birth;

6

b. He was caused to have extra digits on his hands;
c. He was caused to suffer from a seizure disorder;
d. He was caused to have a distended kidney since birth;
e. He was caused to have a chromosomal defect involving a duplication of the long arm of his 13th chromosome;
f. He was caused to be a special needs child since birth, one who will forever be nonverbal and whose reactions will forever be severely delayed;
g. He was caused to suffer from glaucoma;
h. He was caused to suffer great physical pain and mental anguish and will be caused in the future to suffer great physical pain and mental anguish;
i. He was caused to lose enjoyment of life; and
j. He was caused to incur medical expenses for the care and treatment of his injuries and will be caused to incur medical expenses for treatment of his injuries in the future.

**WHEREFORE**, Plaintiffs demand judgment against Defendants GlaxoSmithKline, PLC and GlaxoSmithKline, LLC in an amount of compensatory and punitive damages to be determined by a jury in excess of the jurisdictional minimum of this Court, together with interest from the date of injury, and the costs of this proceeding.

### COUNT III
### BREACH OF WARRANTY

23. Plaintiffs adopt and incorporate Paragraphs 1-22 as if set out in their entirety in this Count.

24. On or about January 2006, and for some time prior thereto, Defendants GlaxoSmithKline, PLC and GlaxoSmithKline, LLC were merchants and sellers of the drug Zofran which caused the personal injuries to Plaintiff, Talon

Hunter. In their capacity as merchants and sellers of the drug Zofran, Defendants GlaxoSmithKline, PLC and GlaxoSmithKline, LLC sold the drug Zofran which caused the injuries to Plaintiff, Talon Hunter.

25. At the time, Plaintiff Talon Hunter was injured by the drug Zofran said product was being sued for the purpose and in the manner it was intended.

26. The drug Zofran, which injured Plaintiff Talon Hunter, was defective and unmerchantable, i.e., the drug Zofran was not fit for the ordinary purposes for which the drug was used due to the hazard of the drug causing personal injuries.

27. The Plaintiffs have given proper notice to defendants of Defendant's breaches of warranty.

28. The aforesaid wrongful conduct of Defendants GlaxoSmithKline, PLC and GlaxoSmithKline, LLC combined and concurred, and as a proximate consequence thereof, Plaintiff Talon Hunter, was caused to be injured and damaged as follows:

    a. He was caused to have a high narrow pallet since birth;
    b. He was caused to have extra digits on his hands;
    c. He was caused to suffer from a seizure disorder;
    d. He was caused to have a distended kidney since birth;
    e. He was caused to have a chromosomal defect involving a duplication of the long arm of his 13th chromosome;
    f. He was caused to be a special needs child since birth, one who will forever be nonverbal and whose reactions will forever be severely delayed;
    g. He was caused to suffer from glaucoma;

    h.    He was caused to suffer great physical pain and mental anguish and will be caused in the future to suffer great physical pain and mental anguish;

    i.    He was caused to lose enjoyment of life; and

    j.    He was caused to incur medical expenses for the care and treatment of his injuries and will be caused to incur medical expenses for treatment of his injuries in the future.

**WHEREFORE**, Plaintiffs demand judgment against Defendants GlaxoSmithKline, PLC and GlaxoSmithKline, LLC in an amount of compensatory and punitive damages to be determined by a jury in excess of the jurisdictional minimum of this Court, together with interest from the date of injury, and the costs of this proceeding.

### COUNT IV
### NEGLIGENCE

29.    Plaintiffs adopt and incorporate Paragraphs 1-28 herein as if set forth in their entirety in this Count.

30.    Defendants GlaxoSmithKline, PLC and GlaxoSmithKline, LLC negligently performed or failed to perform the duties owed to Plaintiffs, Talon Hunter and Julie Hunter.

31.    The aforesaid breach of duty of Defendants GlaxoSmithKline, PLC and GlaxoSmithKline, LLC combine and concurred, and as a proximate consequence thereof, Plaintiff Talon Hunter was caused to be injured and damaged as follows:

    a.    He was caused to have a high narrow pallet since birth;

9

b.   He was caused to have extra digits on his hands;
c.   He was caused to suffer from a seizure disorder;
d.   He was caused to have a distended kidney since birth;
e.   He was caused to have a chromosomal defect involving a duplication of the long arm of his 13th chromosome;
f.   He was caused to be a special needs child since birth, one who will forever be nonverbal and whose reactions will forever be severely delayed;
g.   He was caused to suffer from glaucoma;
h.   He was caused to suffer great physical pain and mental anguish and will be caused in the future to suffer great physical pain and mental anguish;
i.   He was caused to lose enjoyment of life; and
j.   He was caused to incur medical expenses for the care and treatment of his injuries and will be caused to incur medical expenses for treatment of his injuries in the future.

**WHEREFORE**, Plaintiffs demand judgment against Defendants GlaxoSmithKline, PLC and GlaxoSmithKline, LLC in an amount of compensatory and punitive damages to be determined by a jury in excess of the jurisdictional minimum of this Court, together with interest from the date of injury, and the costs of this proceeding.

### COUNT V
### WANTONNESS

32.   Plaintiffs adopt and incorporate Paragraphs 1-31 as if set forth in their entirety in this Count.

33.   By designing, manufacturing, selling and/or distributing the drug Zofran, which was taken by Plaintiff Julie Hunter, Defendants GlaxoSmithKline, PLC and GlaxoSmithKline, LLC engaged in conduct which was carried on with

10

reckless or conscious disregard of the rights or safety of others, in violation of Alabama Code § 6-11-20(b) (1975).

34.     Defendants GlaxoSmithKline, PLC and GlaxoSmithKline, LLC were acting within the scope and capacity of their employment when they designed, manufactured, sold and/or distributed the drug Zofran that was taken by Plaintiff, Julie Hunter.  Defendants GlaxoSmithKline, PLC and GlaxoSmithKline, LLC are therefore vicariously liable for the wantonness of their actions in designing, manufacturing, selling and/or distributing the drug Zofran.

35.     The aforesaid wrongful conduct of Defendants GlaxoSmithKline, PLC and GlaxoSmithKline, LLC directly and proximately caused Plaintiff Talon Hunter to be injured and to suffer damages, including but not limited to the following:

    a. He was caused to have a high narrow pallet since birth;
    b. He was caused to have extra digits on his hands;
    c. He was caused to suffer from a seizure disorder;
    d. He was caused to have a distended kidney since birth;
    e. He was caused to have a chromosomal defect involving a duplication of the long arm of his 13th chromosome;
    f. He was caused to be a special needs child since birth, one who will forever be nonverbal and whose reactions will forever be severely delayed;
    g. He was caused to suffer from glaucoma;
    h. He was caused to suffer great physical pain and mental anguish and will be caused in the future to suffer great physical pain and mental anguish;
    i. He was caused to lose enjoyment of life; and

      j.      He was caused to incur medical expenses for the care and treatment of his injuries and will be caused to incur medical expenses for treatment of his injuries in the future.

**WHEREFORE**, Plaintiffs demand judgment against Defendants GlaxoSmithKline, PLC and GlaxoSmithKline, LLC in an amount of compensatory damages to be determined by a jury in excess of the jurisdictional minimum of this Court, together with interest from the date of injury, and the costs of this proceeding.

## COUNT VI
## STRICT LIABILITY

36.    Plaintiffs adopt and incorporate Paragraphs 1-35 as if set out in their entirety in this Count.

37.    Defendants GlaxoSmithKline, PLC and GlaxoSmithKline, LLC were engaged in the persistent and continuous designing, manufacturing, selling and/or distributing of the drug Zofran.

38.    Due to the dangerous nature of the drug Zofran's side effects, Defendants GlaxoSmithKline, PLC and GlaxoSmithKline, LLC are strictly liable for damage which resulted from Plaintiff, Julie Hunter, taking Zofran.

39.    As a proximate result of the aforesaid dangerous nature of the drug Zofran, which is designed, manufactured, sold and/or distributed by Defendants GlaxoSmithKline, PLC and GlaxoSmithKline, LLC, Plaintiff Talon Hunter was caused to be injured and damaged as follows:

12

a. He was caused to have a high narrow pallet since birth;
b. He was caused to have extra digits on his hands;
c. He was caused to suffer from a seizure disorder;
d. He was caused to have a distended kidney since birth;
e. He was caused to have a chromosomal defect involving a duplication of the long arm of his 13th chromosome;
f. He was caused to be a special needs child since birth, one who will forever be nonverbal and whose reactions will forever be severely delayed;
g. He was caused to suffer from glaucoma;
h. He was caused to suffer great physical pain and mental anguish and will be caused in the future to suffer great physical pain and mental anguish;
i. He was caused to lose enjoyment of life; and
j. He was caused to incur medical expenses for the care and treatment of his injuries and will be caused to incur medical expenses for treatment of his injuries in the future.

**WHEREFORE**, Plaintiffs demand judgment against Defendants GlaxoSmithKline, PLC and GlaxoSmithKline, LLC in an amount of compensatory damages to be determined by a jury in excess of the jurisdictional minimum of this Court, together with interest from the date of injury, and the costs of this proceeding.

Respectfully submitted this 1st day of April, 2015.

*/s/ Lloyd W. Gathings*
Lloyd W. Gathings (asb-1365-g581)
Honora M. Gathings (asb-2332-g70h)
William Lattimore (asb-7576-l62l)
Attorneys for Plaintiffs

**OF COUNSEL:**
GATHINGS LAW
2204 Lakeshore Drive, Suite 406
Birmingham, AL 35209
Telephone: (205) 322-1201
Facsimile: (205) 322-1202
lgathings@gathingslaw.com
hgathings@gathingslaw.com
wlattimore@gathingslaw.com

Plaintiff's Address:
5020 County Road 85
Clanton, AL  35046


## JURY DEMAND

PLAINTIFFS DEMAND A TRIAL BY STRUCK JURY ON ALL COUNTS

/s/ Lloyd Gathings
Of Counsel


**Please serve Defendants with the Summons and Complaint by certified mail as follows:**

GlaxoSmithKline, PLC
980 Great West Road
Brentford, Middlesex, TW8 9GS
United Kingdom

GlaxoSmithKline, LLC
200 North 16th Street
Philadelphia, PA  19102

GlaxoSmithKline, LLC
C/O CSC LAWYERS INCORPORATING SVC INC
150 South Perry Street
Montgomery, AL  36104